### Reuben Rich *versus* Benjamin Shaw & al.

The statute of 1831, " to regulate banks and banking," c. 519, § 28, gives a remedy only to creditors of a bank, as holders of its bills or otherwise, and not to the stockholders, against the directors thereof for losses arising " from the official mismanagement of the directors."

The plaintiff was a stockholder in the Frankfort Bank, and brought this action against the defendants as directors of the same bank, under the provisions of Stat. 1831, c. 519, § 28, regulating banks and banking; alleging that he had lost the value of his shares in the capital stock, through the misconduct of the defendants, as directors thereof.

The defendants contended that the action was not maintainable at law ; and thereupon the parties agreed, that if in the opinion of the Court the action could not be maintained, the plaintiff was to become nonsuit ; but if it might be maintained, should the allegation be proved, the action was to stand for trial.

*Crosby,* for the plaintiff, contended that this was not only the right mode of proceeding, but the only remedy a stockholder has, under our statute, if the directors have destroyed the capital stock of the bank by their own misconduct. If this section does not extend to them, they have no remedy whatever.

*Hathaway* and *Hubbard,* for the defendants, contended that the action could not be maintained under this or any other section of the statute. The twenty-eighth section provides a remedy only for creditors of the bank, as holders of bills or otherwise. The thirtieth section gives a remedy merely to such stockholders as have been compelled to pay debts of the bank in consequence of their being stockholders.

If any remedy exists, it is by bill in equity. 23 Pick. 112.

The opinion of the Court was drawn up by

TENNEY J. — This action founded upon Stat. c. 519, § 28, 1831, is in favor of a stockholder against certain of the directors of the Frankfort Bank, for the recovery of damages, alleged to have been sustained by the former, in a loss or deficiency of his capital stock by reason of mismanagement by the latter in their official conduct.

In the act referred to, the legislature evidently intended to secure the public against losses, which might arise from a deficiency of the capital stock of banks, holding a charter under the authority of the State; and from an examination of the section relied upon by the plaintiff, we are satisfied, it was their design to afford thereby a protection to the creditors of banks, and not to furnish a remedy to stockholders for injuries occasioned by the want of judgment or fidelity in the directors of their own appointment.

A loss or deficiency in the capital stock creates a liability in the stockholders as well as in the directors, in the event of the inability of the directors. If the section cited was the provision of a remedy to those, owning capital stock in a bank, in cases of loss or deficiency, one stockholder can resort to another in suits at law, in the contingency named, and thus each proprietor may in turn be a creditor and a debtor, one to the other. This involves an absurdity, which cannot be admitted as the result of a deliberate act of legislation.

The Court in Massachusetts, in the case of *Harris* v. *First Parish in Dorchester,* 23 Pick. 112, cited by the defendants, regard a similar provision as a protection to bill holders and creditors of the bank.     *Plaintiff must become nonsuit.*